## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Case No.**   17-cr-105-RBJ

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**

**1. ROBERT EUGENE HYBERTSON,**

   **Defendant.**

---

### SUPERSEDING INDICTMENT
**Count 1**
26 U.S.C. § 7212(a)
**Counts 2-5**
26 U.S.C. § 7203
**Count 6**
42 U.S.C. § 408(a)(4)(1)
**Count 7**
42 U.S.C. § 408(a)(3)

---

The Grand Jury charges:

### <u>COUNT 1</u>
**(26 U.S.C. § 7212(a) – Corrupt Endeavor to Obstruct or Impede Due Administration of the Internal Revenue Laws)**

### Background Facts

1.     From in or about early 2006 through in or about early 2017, ROBERT

EUGENE HYBERTSON was a resident of Colorado and the owner and operator of

Black Hills Rig Heaters ("BHRH"), a South Dakota Business trust that does business in

Colorado and elsewhere.

1

2.      In or about 2005, HYBERTSON established BHRH, which rents and sells heaters commonly used in oil fields.  At various times relevant to the indictment, HYBERTSON also worked as a sales representative for Therm Dynamics, a company that manufactures and sells heaters commonly used in oil fields.

## Offense Conduct

3.      Beginning in or about early 2006, and continuing through in or about 2014, in the State and District of Colorado and elsewhere, defendant HYBERTSON did corruptly obstruct, impede, and endeavor to obstruct and impede, the due administration of the Internal Revenue laws, by the following means, among others:

a.      HYBERTSON did not file individual income tax returns or tax returns for BHRH.

b.      In order to make it more difficult for the Internal Revenue Service ("IRS") to determine HYBERTSON's income, HYBERTSON provided third parties with invalid or incorrect Employer Identification Numbers ("EINs") for BHRH.  For example, HYBERTSON sometimes gave third parties EINs that were not assigned to BHRH or any entity.  On other occasions, HYBERTSON gave third parties EINs for other entities he was associated with, including the EIN for "Black Hills Restoration" and the EIN for Proclaim Outreach, a not-for-profit registered in Washington State.  In addition, HYBERTSON sometimes listed these invalid or incorrect EINs on bogus or inapplicable tax forms.  These forms included a bogus W9 form titled, "Request for Nontaxpayer Identification Number and Certification," that contained language saying it was provided under duress,

2

as well as an inapplicable W-8BEN "Certificate of Foreign Status of Beneficial

Owner for United States Tax Withholding and Reporting (Individuals)" form on

which HYBERTSON listed his "country" of residence as South Dakota.

   c.  In 2010, the IRS audited HYBERTSON for the tax year 2006 and

determined that he owed approximately $38,000 in taxes (not including penalties

and interest).  HYBERTSON refused to pay the tax assessment.  Instead,

HYBERTSON sent correspondence or provided materials to the IRS or other

government officials stating that he was not required to report domestic income

on Form 1040 and/or advocating for the criminal prosecution of IRS employees

attempting to collect taxes.

   d.  HYBERTSON actively discouraged third parties from cooperating

with the IRS's efforts to ascertain and collect taxes from him and others.

The foregoing was in violation of Title 26, United State Code, Section 7212(a).

### COUNT 2
### (26 U.S.C. § 7203 – Failure to File)

   4.  During the calendar year 2010, ROBERT E. HYBERTSON, whose

principal place of business was in Colorado, had and received gross income in excess

of $18,700.  Because of such gross income, he was required by law, on or before April

18, 2011, to make an income tax return to the Internal Revenue Service stating

specifically the items of his gross income and any deductions and credits to which he

was entitled.  Well knowing and believing the foregoing, the defendant, ROBERT E.

HYBERTSON, did willfully fail to make an income tax return as required.

The foregoing was in violation of Title 26, United States Code, Section 7203.

### COUNT 3
### (26 U.S.C. § 7203 – Failure to File)

5.　　During the calendar year 2011, ROBERT E. HYBERTSON, whose principal place of business was in Colorado, had and received gross income in excess of $19,000.  Because of such gross income, he was required by law, on or before April 17, 2012, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing the foregoing, the defendant, ROBERT E. HYBERTSON, did willfully fail to make an income tax return as required.

The foregoing was in violation of Title 26, United States Code, Section 7203.

### COUNT 4
### (26 U.S.C. § 7203 – Failure to File)

6.　　During the calendar year 2012, ROBERT E. HYBERTSON, whose principal place of business was in Colorado, had and received gross income in excess of $19,500.  Because of such gross income, he was required by law, on or before April 15, 2013, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing the foregoing, the defendant, ROBERT E. HYBERTSON, did willfully fail to make an income tax return as required.

The foregoing was in violation of Title 26, United States Code, Section 7203.

## COUNT 5
### (26 U.S.C. § 7203 – Failure to File)

7.      During the calendar year 2013, ROBERT E. HYBERTSON, whose

principal place of business was in Colorado, had and received gross income in excess

of $20,000.  Because of such gross income, he was required by law, on or before April

15, 2014, to make an income tax return to the Internal Revenue Service stating

specifically the items of his gross income and any deductions and credits to which he

was entitled.  Well knowing and believing the foregoing, the defendant, ROBERT E.

HYBERTSON, did willfully fail to make an income tax return as required.

The foregoing was in violation of Title 26, United States Code, Section 7203.

## COUNT 6
### (42 U.S.C. § 408(a)(4)(1) – Concealment)

### Background Facts

8.      The Social Security Administration ("SSA") administers the Social Security

Disability Insurance ("SSDI") program.  Under the SSDI program, disability benefits are

payable to disabled workers who are otherwise eligible.  Disability is based on one's

inability to work, and the disabled beneficiary has a duty to report changes in his

medical condition, if he returns to the workforce, or if his physician advises that he is

able to return to work.

9.      In or about December 1999, HYBERTSON submitted an application to

SSA for SSDI benefits.  HYBERTSON signed and dated the application, which included

an agreement to notify SSA if HYBERTSON's medical condition improved so that he

would be able to return to work, and an agreement to notify SSA if he returned to work.

HYBERTSON began receiving SSDI in or about May 2001.

10.     The SSA routinely sends notices to beneficiaries reminding them of the SSDI program's requirements, including the requirement to notify SSA if the beneficiary returns to work or if a doctor says the beneficiary's health has improved.

**Offense Conduct**

11.     Beginning in or about January 2010 and continuing until in or about January 2017, in the State and District of Colorado and elsewhere, having knowledge that he had worked or been self-employed, defendant HYBERTSON concealed and failed to disclose such event with an intent fraudulently to secure SSDI benefits in a greater amount and quantity than was due and when no such benefit was authorized, by the following means, among others:

a.     On or about June 7, 2013, SSA sent a "Disability Update Report" to HYBERTSON.  Question One asked, "Since February, 2011 have you worked for someone or been self-employed?"  HYBERTSON marked the "NO" box. HYBERTSON signed the form below a warning that stated, "I declare under penalty of perjury that I have examined all the information on this form and on any accompanying statement or forms, and it is true and correct to the best of my knowledge."

b.     Yet beginning in or about January 2010, and continuing through 2013, HYBERTSON worked as a sales representative for Therm Dynamics, earning commissions on heating units that he sold or rented to customers.  And beginning in or about January 2010 and continuing through in or about January

2017, HYBERTSON rented or sold heating units to customers through BHRH, generating sales and rental income.

      c.     HYBERTSON continued to receive monthly SSDI payments through February 2017.

The foregoing was in violation of 42 U.S.C. § 408(a)(4)(1).

### COUNT 7
**(42 U.S.C. § 408(a)(3) – False Statement In Determining Benefits)**

12.    Paragraphs 8-11 are reincorporated herein.

13.    ROBERT E. HYBERTSON, in or about June 2013, in the State and District of Colorado, did knowingly and willfully make a false statement and representation of a material fact for use in determining rights to benefits, namely, his response of "no" to a question on an SSA form asking whether he had worked or been self-employed since February 2011.

The foregoing was in violation of 42 U.S.C. § 408(a)(3).

A TRUE BILL

Ink signature on file in Clerk's Office
FOREPERSON

ROBERT C. TROYER
Acting United States Attorney

By: *s/ Rebecca S. Weber*
Rebecca S. Weber
Matthew T. Kirsch
Assistant United States Attorneys
United States Attorney's Office

1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Rebecca.Weber@usdoj.gov
         Matthew.Kirsch@usdoj.gov
Attorneys for the United States