IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-cr-105-RBJ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

**ROBERT HYBERTSON**,
    Defendant.

___

**DEFENDANT HYBERTSON'S MOTION FOR AN IMMEDIATE COMPETENCY EVALUATION PURSUANT TO 18 U.S.C.A. § 4241(a)**

___

    Robert Hybertson, through his undersigned counsel, and pursuant to 18 U.S.C.A. § 4241(a) requests this Court appoint a psychiatrist, specifically Dr. Susan Bograd, who has been previously appointed under the CJA act, for the sole purpose of a competency evaluation. Undersigned counsel makes this request on the following grounds:

    1. 18 U.S.C.A. § 4241 states:

    **(a) Motion to determine competency of defendant.**--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    2. As the Court is undoubtedly aware, a motion to determine competency must establish reasonable cause to believe the defendant presently may be suffering from mental disease or defect rendering him incompetent. If the motion establishes reasonable cause, the court "shall grant the motion" and may order an initial competency evaluation. Defense counsel may make the motion even if against the client's wishes, as in the present case.[1]

___

[1] For a discussion of one court's view of some of the ethical issues involved in

1

3. This motion is being brought on behalf of Mr. Hybertson by his presently appointed counsel after many months of communications with, and observations of, Mr. Hybertson, as well as information recently provided by family members corroborating counsel's belief as to his competency. This includes, but is not limited to, Mr. Hybertson's presence during his recent court appearances on May 7, 2018 in front of this Honorable court as well as during his detention hearing in front of the Honorable Judge Mix.

4. On April 18, 2017 Mr. Hybertson was granted a $50,000.00 unsecured bond. Mr. Hybertson informed the Court at his initial arraignment that he would represent himself, entered a plea of not guilty on all counts of the Indictment, and asked that it be noted on the record that he was "not the surety." (Doc.10).

5. On September 22, 2017, Mr. Hybertson agreed to the appointment of CJA counsel. Since that time Mr. Hybertson has repeatedly: (1) exhibited difficulties understanding and communicating with his counsel about the legal and factual issues in his case; (2) demonstrated an inability to assist counsel in most simple aspects of investigating his case and preparing for trial; and (3) appeared unable to discuss or consider undersigned counsel's advice. Mr. Hybertson appears to lack the ability to assist his lawyers in any meaningful way as it relates to his defense. Undersigned counsel would not characterize any of this conduct as uncooperative.

6. Although undersigned counsel has previously represented "tax protestors" - which Mr. Hybertson adamantly contends he is not - counsel recognizes that often this conduct is simply conduct that is consistent with a deep disagreement with the government. However, Mr. Hybertson is different in his conduct. Undersigned counsel believes that the delusions, paranoia and confusion that Mr. Hybertson expresses may in fact be supported by a mental health issue also connected with his extreme failing health issues. The health issues are documented and real. Whatever the cause, it has become clear at this critical juncture of representation that Mr. Hybertson's ongoing conduct is directly interfering with counsel's effective representation of Mr. Hybertson particularly as it relates for trying to prepare for trial.

7. By way of the most recent example, the Government has relayed and attached appropriate deadlines for a response. Despite multiple attempts, undersigned counsel is unable to effectively communicate with their client as it relates to the process of moving forward to trial and the consequences of guilty verdicts, specifically as it relates to incarceration. Any further disclosure without *ex parte* protection would compromise Mr. Hybertson's attorneys' confidentiality obligation.

8. Undersigned counsel requests that this initial evaluation be completed by a local psychiatrist who has already established contact with Mr. Hybertson. This request

---

competency determinations, *see, U.S. v. Boigegrain*, 155 F.3d 1181 (10th Cir.1998) (Boigegrain II)(Defense counsel not ineffective for moving for competency evaluation against client's wishes).

is not only economically efficient but, due to concerns Mr. Hybertson has expressed that border on paranoia, it makes practicable sense to conduct an evaluation with someone who is previously known to Mr. Hybertson.[2]

9. Undersigned counsel requests that any competency evaluation be limited to an inquiry strictly related to the topic of whether Mr. Hybertson is presently suffering from a mental illness which renders him unable to comprehend the nature and consequences of the proceeding against him or reasonably to assist in his defense. *Godinez v. Moran*, 113 S.Ct. 2680 (1993). Further, undersigned counsel request that the language of any order prohibit any psychiatrist from questioning Mr. Hybertson about the instant offense, Mr. Hybertson's activities related to the offense (both before and after the indictment), any prior bad acts, and any other area which does not directly concern competency.

10. Mr. Hybertson, through undersigned counsel, would object to object to dual evaluations addressing competency and sanity in the same evaluation by the same doctor. These examinations must remain separate and be done in a separate matter. 18 U.S.C. §4241(f). *See U.S. v. Madrid*, 673 F.2d 1114 (10th Cir. 1982), *Estelle v. Smith*, 451 U.S. 454 (1981)(Miranda rights necessary before competency interview can be used later against defendant); and *U.S. v. Vazquez-Pulido*, 155 F.3d 1213 (10th Cir 1998)(No per se rule bars cross examination of defense expert on diminished capacity with information developed during competency evaluation). Once the defense presents testimony of a mental disease or defect or of a mental status defense, the government may fairly cross examine using a court ordered evaluation of the defendant. *Kansas v. Cheever*, 571 U.S.87, 134 S.Ct. 596 (2013).

11. Mr. Hybertson, requests this Court to grant his motion for an immediate competency evaluation, to be done by a local Psychiatrist, Dr. Susan Bograd, at the local facility where he is presently detained. If this motion is granted, undersigned counsel has confirmed that Dr. Bograd is available, and a visit at FDC Englewood has been requested, for May 24, 2018.

Respectfully submitted this May 14th, 2018.

                                       *s/ Lisa Monet Wayne*
                                       Lisa Monet Wayne, Esq.
                                       Law Offices of Lisa Monet Wayne
                                       1775 N. Sherman Street, Suite 1650
                                       Denver, Colorado 80203
                                       (303) 860-1661
                                       Lmonet20@me.com

---

[2] The Department of Justice Manual 9-9.110 recommends that the
initial competency evaluation be done locally, citing *In re Newchurch*, 807 F.2d 404 (5th Cir. 1986).

*s/ Marci G. LaBranche*
Marci G. LaBranche
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
(303) 629-9700
labranche@ridleylaw.com
Attorney's on behalf of Defendant Hybertson

### Certificate of Service

I hereby certify that on this 14th day of May, 2018, I electronically filed the foregoing **DEFENDANT HYBERTSON'S MOTION FOR AN IMMEDIATE COMPETENCY EVALUATION PURSUANT TO 18 U.S.C.A. § 4241(a)** with the Clerk of the Court using CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*s/ Lisa Monet Wayne*